NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office
SONAH LEE (Cal Bar No. 246024)
Assistant United States Attorney
Riverside Branch Office
    3403 Tenth Street Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6924
    Facsimile: (951) 276-6202
    E-mail:   sonah.lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ED CR19-00250 FMO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>GEOVANNI CARRERA-RAMIREZ,<br>  aka "Govanni Correra<br>Ramirez"<br>  aka "Ivan Carrera,"<br><br>    Defendant. | No. ED CR 19-<br><br>PLEA AGREEMENT FOR DEFENDANT<br>GEOVANNI CARRERA-RAMIREZ |

1.   This constitutes the plea agreement between GEOVANNI

CARRERA-RAMIREZ ("defendant") and the United States Attorney's

Office for the Central District of California (the "USAO") in the

above-captioned case.  This agreement is limited to the USAO and

cannot bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

///

i

## RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 22 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraph 24 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

## DEFENDANT'S OBLIGATIONS

3.   Defendant agrees to:

a)   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the court, appear and plead guilty to a one-count information, in the form attached to this agreement as Exhibit A or a substantially similar form, that charges defendant with being an illegal alien found in the United States following deportation or removal in violation of 8 U.S.C. § 1326(a).

1    b)   Not contest facts agreed to in this agreement.

2    c)   Abide by all agreements regarding sentencing

3    contained in this agreement and affirmatively recommend to the court

4    that it impose sentence in accordance with paragraph 13 of this

5    agreement.

6    d)   Appear for all court appearances, surrender as

7    ordered for service of sentence, obey all conditions of any bond,

8    and obey any other ongoing court order in this matter.

9    e)   Not commit any crime; however, offenses that would be

10   excluded for sentencing purposes under United States Sentencing

11   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are

12   not within the scope of this agreement.

13   f)   Be truthful at all times with the United States

14   Probation and Pretrial Services Office and the Court.

15   g)   Pay the applicable special assessment at or before

16   the time of sentencing unless defendant lacks the ability to pay and

17   prior to sentencing submits a completed financial statement on a

18   form to be provided by the USAO.

19                    THE USAO'S OBLIGATIONS

20   4.   The USAO agrees to:

21   a)   Not contest facts agreed to in this agreement.

22   b)   Abide by all agreements regarding sentencing

23   contained in this agreement and affirmatively recommend to the court

24   that it impose sentence in accordance with paragraph 13 of this

25   agreement.

26                    NATURE OF THE OFFENSE

27   5.   Defendant understands that for defendant to be guilty of

28   the crime charged in the one-count information, a violation of 8

1  U.S.C. § 1326(a), the following must be true: (1) defendant was
2  lawfully deported or removed from the United States; (2) after
3  defendant's deportation or removal, defendant voluntarily entered
4  the United States; (3) after defendant entered the United States,
5  defendant knew that defendant was in the United States and knowingly
6  remained; (4) defendant was found in the United States without
7  having obtained consent to reapply for admission into the United
8  States from the Attorney General or the Secretary of the Department
9  of Homeland Security, or any authorized representative of either
10 official; (5) defendant was, at the time of the offense, an alien,
11 that is, a person who is not a natural-born or naturalized citizen,
12 or a national, of the United States; and (6) defendant was free from
13 official restraint at the time he or she was found in the United
14 States.  Defendant was free from official restraint if defendant was
15 first observed by a United States officer after defendant physically
16 crossed the border of the United States.  In order for defendant to
17 be subject to the heightened statutory maximum penalties under 8
18 U.S.C. § 1326(b)(1), defendant's deportation or removal must have
19 occurred after defendant was convicted of a felony, that is, the
20 felony described in paragraph 10 below.

21                                PENALTIES

22      6.   The statutory maximum sentence that the court can impose
23 for a violation of Title 8, United States Code, Section 1326(a),
24 where the heightened statutory maximum penalties under 8 U.S.C.
25 § 1326(b)(1) apply, is: 10 years imprisonment; a three-year period
26 of supervised release; a fine of $250,000; and a mandatory special
27 assessment of $100.

28

                                   iv

7.     Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant agrees that the imposition of supervised release is warranted in this case, as authorized under U.S.S.G. § 5D1.1, cmt. n.5. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.     Defendant understands that the conviction in this case may result in defendant giving up valuable government benefits and civic rights and may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.     Defendant understands that, because defendant is not a United States citizen and has previously been deported or removed, the felony conviction in this case likely will subject defendant to: removal, also known as deportation, which will likely be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant

1   understands that unexpected immigration consequences will not serve

2   as grounds to withdraw defendant's guilty plea.

3                              FACTUAL BASIS

4       10.  Defendant admits that defendant is, in fact, guilty of

5   violating 8 U.S.C. § 1326(a) as described in the information and

6   that he is subject to the heightened statutory maximum penalties

7   under 8 U.S.C. § 1326(b)(1) as set forth above.  Defendant and the

8   USAO agree to the statement of facts provided below and agree that

9   this statement of facts is sufficient to support a plea of guilty to

10  the charge described in this agreement and to establish the

11  Sentencing Guidelines factors set forth in paragraph 12 below but is

12  not meant to be a complete recitation of all facts relevant to the

13  underlying criminal conduct or all facts known to either party that

14  relate to that conduct.

15      Defendant, a citizen of Mexico, was at all times relevant to

16  this plea agreement an alien, that is, not a natural-born or

17  naturalized citizen, or national, of the United States.  Defendant

18  was lawfully deported or removed from the United States on or about

19  May 11, 1998, June 24, 2003, and January 8, 2008.  Subsequent to

20  defendant's most recent deportation or removal, defendant knowingly

21  and voluntarily re-entered and thereafter remained in the United

22  States.  Defendant did so without the consent of the Attorney

23  General or his designated successor, the Secretary of the Department

24  of Homeland Security, or of any authorized representative of either

25  the Attorney General or that Department, to reapply for admission or

26  to otherwise re-enter and remain in the United States.  After

27  defendant re-entered and remained in the United States, on or about

28  June 19, 2018, immigration authorities found defendant in Riverside

                                    vi

County, within the Central District of California. Defendant was found by immigration authorities after he had physically crossed the border of the United States.

On or about January 8, 2003, defendant was convicted of Child Abuse and Endangerment, a felony, in violation of California Penal Code Section 273a(a), in the Superior Court of the State of California, County of Orange, case number 02NF2658 for which the sentence imposed was two years' imprisonment.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

11. Defendant understands that in determining defendant's sentence the court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:                          8 [U.S.S.G. § 2L1.2(a)]

Felony Conviction Sustained
for which the Sentence Imposed
Was Two Years or More and
Occurred After Defendant's
Initial Removal Order:                      +8 [U.S.S.G. § 2L1.2(b)(3)(B)]

Acceptance of
Responsibility:                             -3 [U.S.S.G. § 3E1.1(b)]

Early Disposition
Program Departure:                          -2 [U.S.S.G. § 5K3.1]

Total Offense Level:                        11

13.   Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the court impose a sentence of: (a) $100 special assessment; (b) a term of imprisonment of duration equal to the low end of the applicable Sentencing Guidelines range determined by the Total Offense Level determined in accordance with paragraph 12 above, and the criminal history category calculated by the court in accordance with Chapter 4 of the Sentencing Guidelines without any departure based on inadequacy of criminal history under U.S.S.G. § 4A1.3 ("Defendant's Calculated Criminal History Category"); and (c) a three-year period of supervised release to follow release from imprisonment, which includes the following terms and conditions:

i)   Defendant shall comply with the rules and regulations of the United States Probation and Pretrial Services Office and General Order 18-10, including, but not limited to, the condition that defendant shall not commit another federal, state or local crime;

ii)   Defendant shall refrain from any unlawful use of a controlled substance.  As directed by the Probation Officer, defendant shall submit to one drug test within 15 days of release from imprisonment.  Thereafter, defendant shall also submit to periodic drug testing as directed by the Probation Officer, not to exceed eight drug tests per month;

iii) Defendant shall comply with the immigration rules and regulations of the United States, and when deported or removed from this country, either voluntarily or involuntarily, not re-

enter the United States illegally.  Defendant is not required
to report to the United States Probation and Pretrial Services
Office while residing outside of the United States; however,
within 72 hours of release from any custody or any reentry to
the United States during the period of court-ordered
supervision, defendant shall report for instructions to the
United States Probation and Pretrial Services Office;

    iv)  Defendant shall not obtain or possess any driver's
license, Social Security number, birth certificate, passport or
any other form of identification in any name, other than
defendant's true legal name, without the prior written approval
of the Probation Officer; nor shall defendant use, for any
purpose or in any manner, any name other than defendant's true
legal name; and

    v)  Defendant shall cooperate in the collection of a DNA
sample from defendant.

14.  The parties also agree that no prior imprisonment (other
than credits that the Bureau of Prisons may allow under 18 U.S.C.
§ 3585(b)) may be credited against this stipulated sentence,
including credit under Sentencing Guideline § 5G1.3.  Defendant
represents, and the USAO does not contest, that defendant does not
have the ability to pay a fine.

15.  The parties agree that they will recommend that the court
impose the sentence set forth in paragraph 13 above, and that they
will not seek, argue, or suggest in any way, either orally or in
writing, that any other specific offense characteristics,
adjustments, departures, or variances in sentence pursuant to the
Sentencing Guidelines and/or the factors set forth in 18 U.S.C.

ix

1 § 3553(a) be imposed, or that the court impose a sentence other than

2 what has been stipulated to by the parties herein.

3     16.  The parties agree to request that defendant be sentenced

4 as soon as possible following the entry of defendant's guilty plea.

5 The parties stipulate and agree that, with the exception of

6 defendant's criminal history, there is sufficient information in the

7 record to enable the court to exercise its sentencing authority

8 meaningfully without a presentence investigation or report.  The

9 parties agree to request that the United States Probation and

10 Pretrial Services Office prepare a presentence report that is

11 limited to defendant's criminal history only.  To the extent

12 defendant has a right to a presentence investigation and preparation

13 of a presentence report relating to anything other than defendant's

14 criminal history, defendant hereby knowingly, voluntarily, and

15 intelligently waives that right.  The parties agree to request that

16 the court find, pursuant to Federal Rule of Criminal Procedure

17 32(c)(1), that the information in the record, coupled with a

18 presentence report limited to defendant's criminal history, is

19 sufficient to enable the court to exercise its sentencing authority

20 meaningfully without a more complete presentence investigation and

21 report.  The parties understand and agree that, in the event that

22 the court declines to make this finding and instead orders that a

23 more complete presentence investigation be conducted and/or a more

24 complete presentence report prepared, such action shall have no

25 effect on the validity of this Agreement or any of its terms or

26 conditions and shall not provide a basis for either party to

27 withdraw from the plea agreement.

28 ///

WAIVER OF *DESCAMPS*-BASED CHALLENGES TO PRIOR CONVICTION

17.  Defendant has fully discussed with his counsel any potential challenges or defenses that defendant could raise at sentencing pursuant to United States v. Descamps, 133 S. Ct. 2276 (2013), and its progeny.  Defendant understands and agrees that by entering into this plea agreement, and by pleading guilty pursuant to this plea agreement, defendant is voluntarily giving up the right to raise any such challenges or defenses, including any challenges to the sentencing factors stipulated in paragraph 12 above, in exchange for the benefits under the plea agreement.

WAIVER OF CONSTITUTIONAL RIGHTS

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a)  The right to persist in a plea of not guilty.

b)  The right to a speedy and public trial by jury.

c)  The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d)  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)  The right to confront and cross-examine witnesses against defendant.

f)  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g)     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h)     Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

20.  Defendant agrees that, provided the court imposes the sentence specified in paragraph 13 above, defendant gives up the right to appeal any portion of that sentence, with the exception that defendant reserves the right to appeal Defendant's Calculated Criminal History Category, as defined in paragraph 13 above.

21.  The USAO agrees that, provided the court imposes the sentence specified in paragraph 13 above, the USAO gives up its right to appeal any portion of that sentence, with the exception that the government reserves the right to appeal Defendant's Calculated Criminal History Category, as defined in paragraph 13 above.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the court's failure to follow any recommendation

1  or request regarding sentence set forth in this agreement will not

2  provide a basis for defendant to withdraw defendant's guilty plea.

3  COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

4  OFFICE NOT PARTIES

5      25.  Defendant understands that the court and the United States

6  Probation and Pretrial Services Office are not parties to this

7  agreement and need not accept any of the USAO's sentencing

8  recommendations or the parties' agreements to facts, sentencing

9  factors, or sentencing.  Defendant understands that the court will

10 determine the facts, sentencing factors, and other considerations

11 relevant to sentencing and will decide for itself whether to accept

12 and agree to be bound by this agreement.

13     26.  Defendant understands that both defendant and the USAO are

14 free to: (a) supplement the facts by supplying relevant information

15 to the United States Probation and Pretrial Services Office and the

16 Court, (b) correct any and all factual misstatements relating to the

17 Court's Sentencing Guidelines calculations and determination of

18 sentence, and (c) argue on appeal and collateral review that the

19 Court's Sentencing Guidelines calculations and the sentence it

20 chooses to impose are not error, although each party agrees to

21 maintain its view that the calculations and sentence referenced in

22 paragraphs 12 and 13 are consistent with the facts of this case.

23 While this paragraph permits both the USAO and defendant to submit

24 full and complete factual information to the United States Probation

25 and Pretrial Services Office and the Court, even if that factual

26 information may be viewed as inconsistent with the facts agreed to

27 in this agreement, this paragraph does not affect defendant's and

28

1  the USAO's obligations not to contest the facts agreed to in this

2  agreement.

3                          NO ADDITIONAL AGREEMENTS

4       27.  Defendant understands that, except as set forth herein,

5  there are no promises, understandings, or agreements between the

6  USAO and defendant or defendant's attorney, and that no additional

7  promise, understanding, or agreement may be entered into unless in a

8  writing signed by all parties or on the record in court.

9          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

10      28.  The parties agree that this agreement will be considered

11  part of the record of defendant's guilty plea hearing as if the

12  entire agreement had been read into the record of the proceeding.

13  AGREED AND ACCEPTED

14  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
    NICOLA T. HANNA
16  United States Attorney

17  _____        7/3/19
18  SONAH LEE                               Date
    Assistant United States Attorney
19
20  _____        7-2-19
    GEOVANNI CARRERA-RAMIREZ                Date
21  Defendant

22  _____        7-2-19
    ROGER H. PONGE, JR.                     Date
23  Deputy Federal Public Defender
    Attorney for Defendant
24  GEOVANNI CARRERA-RAMIREZ

25

26

27

28

                            xv

<u>CERTIFICATION OF DEFENDANT</u>

**TO DEFENDANT AND COUNSEL: INITIAL THE TRUE STATEMENT AND CROSS OUT THE OTHER:**

       1.                      This agreement has been read to me in Spanish, the language I understand best. Defendant's initials: _GC_ / Counsel's initials: _AWB_

OR:

       2.                      I am fluent in English and have carefully read this agreement. Defendant's initials: _____ / Counsel's initials: ~~initials~~ (m)

I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading

///

///

1   guilty because I am guilty of the charges and wish to take advantage

2   of the promises set forth in this agreement, and not for any other

3   reason.

4

5   _(X) GEOVANNI C_____      _7-2-19_____

6   GEOVANNI CARRERA-RAMIREZ                  Date
    Defendant

7

8                        CERTIFICATION OF INTERPRETER

9       I, _C ARRIOLA_____, am fluent in the written and spoken

10  English and Spanish languages.  I accurately translated this entire

11  agreement from English into Spanish to defendant GEOVANNI CARRERA-

12  RAMIREZ on this date.

13  _Carrea_____      _7/2/19_____

14  INTERPRETER                              Date

15

16                   CERTIFICATION OF DEFENDANT'S ATTORNEY

17      I am GEOVANNI CARRERA-RAMIREZ's attorney.  I have carefully and

18  thoroughly discussed every part of this agreement with my client.

19  Further, I have fully advised my client of his rights, of possible

20  pretrial motions that might be filed, of possible defenses that

21  might be asserted either prior to or at trial, of the sentencing

22  factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

23  Guidelines provisions, and of the consequences of entering into this

24  agreement.  To my knowledge: no promises, inducements, or

25  representations of any kind have been made to my client other than

26  those contained in this agreement; no one has threatened or forced

27  my client in any way to enter into this agreement; my client's

28  decision to enter into this agreement is an informed and voluntary

                                    xvii

one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     7-2-19
ROGER H. PONCE, JR.               _____
Deputy Federal Public Defender    Date
Attorney for Defendant
GEOVANNI CARRERA-RAMIREZ

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          ED CR No. 19-

11                 Plaintiff,           I N F O R M A T I O N

12                 v.                   [8 U.S.C. §§ 1326(a), (b)(1):
                                        Illegal Alien Found in the
13   GEOVANNI CARRERA-RAMIREZ,          United States Following
       aka "Govanni Correra            Deportation]
14       Ramirez"
       aka "Ivan Carrera,"
15
                 Defendant.
16

17       The United States Attorney charges:

18              [8 U.S.C. §§ 1326(a), (b)(1)]

19       On or about June 19, 2018, defendant GEOVANNI CARRERA-

20   RAMIREZ, also known as ("aka") "Govanni Correra Ramirez," aka

21   "Ivan Carrera," an alien, who had been officially deported and

22   removed from the United States on or about May 11, 1998, June

23   24, 2003, and January 8, 2008, was found in Riverside County,

24   within the Central District of California, after knowingly and

25   voluntarily re-entering and remaining in the United States

26   without having obtained permission from the Attorney General or

27   his designated successor, the Secretary for Homeland Security,

28

1   to reapply for admission to the United States following

2   deportation and removal.

3      At least one of defendant's previously alleged deportations

4   and removals from the United States occurred subsequent to

5   defendant's conviction for the following felony: Child Abuse and

6   Endangerment, in violation of California Penal Code Section

7   273a(a), on or about January 8, 2003, in the Superior Court of

8   the State of California, County of Orange, case number 02NF2658.

9

10                     NICOLA T. HANNA
                      United States Attorney

11                     BRANDON D. FOX
                      Assistant United States Attorney

12                     Chief, Criminal Division

13

14                     JOSEPH B. WIDMAN
                      Assistant United States Attorney

15                     Chief, Riverside Branch Office

16                     SONAH LEE
                      Assistant United States Attorney

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Gina Hernandez, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 10th Street, Suite 200, Riverside, CA  92501; that I am over the age of 18; and that I am not a party to the above-titled action; That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy: **PLEA AGREEMENT FOR DEFENDANT GEOVANNI CARRERA-RAMIREZ** and that service was:

☒ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By E-Mail, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

**Roger Ponce**
**Federal Public Defenders Office**
**3801 University Avenue, Suite 700**
**Riverside, CA 92501**

This Certificate is executed on **July 9, 2019**, at Riverside, California.  I certify under penalty of perjury that the foregoing is true and correct.

_____
Gina Hernandez